# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEITH WESTENGARD | ) | 3:10-cv-00466-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | August 30, 2012 |
| | ) | |
| PETER ANDERSON, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>Katie Lynn Ogden</u>   REPORTER:  <u>            FTR            </u>

COUNSEL FOR PLAINTIFF(S):  <u>Jeffrey Dickerson, Julie Cavanaugh-Bill (Telephonically)</u>

<u>and John Stephenson (Telephonically)                                         </u>

COUNSEL FOR DEFENDANT(S):  <u>Kristen R. Geddes                                    </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:32 p.m. Court Convenes.

The court requests that the parties provide their respective positions regarding plaintiff's Motion to Strike Defendants' Second Supplemental Disclosure of Witnesses and Documents and Request for Attorney Fees and Costs (Dkt. #65).  Ms. Cavanaugh-Bill indicates that there is also an additional matter that the parties have stipulated to have addressed during this hearing regarding the return or destruction of records at issue during two previous hearings on plaintiff's Motion for Protective Order (Dkt. #41) on March 6, 2012, and March 20, 2012 (see Orders Dkt. ## 47 and 54).  The court agrees and will address the stipulation (Dkt. #72), first, then proceed to address plaintiff's motion to strike (Dkt. #65).

### I. Stipulation Requesting Status Conference on Court Order (Dkt. #54) at Hearing Set for August 30, 2012 (Dkt. #72)

Ms. Cavanaugh-Bill indicates that, although defense counsel have agreed to destroy the records (subject of the improperly served defendants' subpoena, see Dkt. #72), defense counsel became concerned of applicable record retention laws that may prohibit the destruction of records absent court order.  Ms. Geddes represents that she is not opposed to returning originals

MINUTES OF THE COURT
3:10-cv-00466-RCJ-WGC
Date: August 30, 2012
Page 2

and destroying copies of the aforementioned documents; however, without a court order
specifying the destruction of the documents, she continues to have concern carrying out such
action.

In light of Ms. Geddes concern, the court hereby orders that the documents previously
determined to be improperly secured (Dkt. #54) should be destroyed and/or returned to plaintiff.
The court notes that this order for destruction of records shall include any electronic copies.

## II. **Motion to Strike** *Defendants' Second Supplemental Disclosure of Witnesses and Documents and Request for Attorney Fees and Costs* **(Dkt. #65)**

Mr. Stephenson represents that defendants' Second Supplemental Disclosure of
Witnesses and Documents, as well as the Third Supplement Disclosure of Documents, violates
discovery rules of the Federal Rules of Civil Procedure.  The court asks Mr. Stephenson to
address this matter with respect to disclosure materials submitted after the close of discovery.
Mr. Stephenson indicates that the mentioned disclosures came four (4) months after the close of
discovery and, because the discovery cut-off has passed, plaintiff's counsel have not been able to
properly depose the witnesses and that their first encounter with the recently disclosed witnesses
will be at trial.

Ms. Geddes represents that she, too, agrees with the court that there is somewhat of an
anomaly in the discovery rules regarding what is considered a timely supplementation of
disclosures.  She also notes that, in the most recent stipulated discovery plan and scheduling
order (Dkt. #25), there is not a deadline specific to supplemental disclosures and that it is her
interpretation that there was not a deadline established for supplemental disclosures by the
scheduling order itself.  Ms. Geddes further represents that it is not necessary to strike documents
if the disclosures are harmless or substantially justified (see Dkt. #67).

### (a) Supplemental document disclosures

Ms. Geddes contends that the additional document disclosure is harmless and plaintiff
cannot claim surprise or prejudice regarding the Wildcad Incident Card because plaintiff was
aware and/or had knowledge of its existence.  Ms. Cavanaugh-Bill represents that they were
aware of the Wildcad Incident Cards; however, they were not aware that such documents were
still in existence or being retained.  Although an original objection was made by plaintiff
concerning this document, Ms. Cavanaugh-Bill represents that plaintiff will waive the objection
because it appears that both plaintiff and defendants will use the document during the trial.
Ms. Cavanaugh-Bill notes that it would have been helpful, however, to have had a chance to
depose some of the defendants relative to this document.  Ms. Geddes represents that plaintiff
had several opportunities to depose any defendant relative to this document.

MINUTES OF THE COURT
3:10-cv-00466-RCJ-WGC
Date: August 30, 2012
Page 3

The court will allow for the disclosure of documents identified by defendants as "NDF from 2020 to 2023." The court will also allow for the deposition of defendant Holy Bullington. Counsel are required to coordinate the deposition to take place in Elko, Nevada.

**(b) Supplemental witness disclosures**

**(i) Witness No. 1 and No. 2**

Ms. Geddes represents that, in regards to the first two witnesses, this was an oversight on her part during the discovery process to not have included these witnesses.

The court recognizes that at times there is an oversight regarding individuals who may have knowledge of facts concerning a matter; however, the court is not inclined to overrule plaintiff's objection and, in the administration of justice, the first two witnesses should be precluded. **Witness No. 1 Kay Scherer and witness No. 2 Leo Drozdoff precluded.**

**(ii)Witness No. 3**

**Witness No. 3 Dennis Pinkerton withdrawn by defendants.**

**(iii) Witness No. 4, No. 5 and No. 6**

Ms. Geddes represents that the rules allow for supplementation to be made if a party discovers that prior supplements are incorrect, and that she did identify mistakes in the original supplemental witness disclosures. Ms. Geddes also represents that a document disclosed by the plaintiff during discovery identified witness No. 4 which prompted this supplemental witness disclosure. Ms. Cavanaugh-Bill objects and indicates that discovery documents were disclosed over a year ago and at that time defendants should have disclosed that witness.

The court concludes that defendants have demonstrated rationale as to this supplement; however, the defendants may only identify witness **No. 4 Kristin Colton**, as a person of knowledge. **Witnesses No. 5 Shane McDonald and No. 6 Sandy Gregory are precluded.** The court notes that plaintiff shall have the opportunity to depose of Ms. Colton.

**(iv.) Witness No. 7 and No. 8**

Ms. Geddes refers back to the standard that, if a document or witness has been made known during discovery and other means, there is no duty to disclose, nor is striking appropriate. Ms. Geddes also notes that it is her understanding that Federal Rules of Civil Procedure 26(A)(3)(B) allow for disclosures to be made thirty (30) days before trial. Ms. Cavanaugh-Bill objects and stresses the matter that defendants had ample opportunity during discovery to

MINUTES OF THE COURT
3:10-cv-00466-RCJ-WGC
Date: August 30, 2012
Page 4

disclose these witnesses prior to the supplementation. Mr. Stephenson further objects and
contends that pretrial disclosure requirement is a mechanism for narrowing the field of potential
witnesses that have been disclosed during discovery; otherwise, the discovery cut-off deadline
becomes meaningless.

The court embraces plaintiff's argument and finds the disclosures of witness no. 7 and
no. 8 as untimely.  **Therefore, Witness No. 7 Shauna McIntosh-Harris and Witness No. 8
Paula Cook are precluded.**

**(c) Plaintiff's request for attorney's fees and costs**

Mr. Stephenson indicates that plaintiff has limited resources and that motions, such as
this instant motion, are costly.  Mr. Stephenson also directs the courts attention to FRCP
37(a)(5)(A) for the authority concerning plaintiff's motion for attorney's fees and costs.
Ms. Geddes represents that defendants did not fail to participate in discovery.  Furthermore,
defendants' motion demonstrates a reasonable dispute over the timeliness of disclosing
supplemental disclosures when none are provided in the rule.

The court concludes that under, FRCP 37(a)(5), it appears that a party must file a motion
to compel in order for the instant request for attorney fees and cost to arise, and that is not the
circumstances of this motion.  The court indicates that the circumstance of this particular
sanction is FRCP 37(c) - failure to supplement; however, the court is not inclined to agree that a
party *failed* to supplement; rather, the defendants did supplement and, therefore, plaintiff's
request for sanctions is not appropriate.  Plaintiff's motion to strike (Dkt. #65) is **DENIED** to the
extent it seeks attorney fees and costs.

2:19 p.m. Court Adjourns.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
     Katie Lynn Ogden, Deputy Clerk