1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                         **DISTRICT OF NEVADA**

6

KEITH WESTENGARD,                    )

7                                     )
                 Plaintiff,           )

8                                     )        3:10-cv-00466-RCJ-WGC
                                      )
        vs.                           )

9                                     )
                                      )
PETER ANDERSON et al.,                )              **ORDER**

10                                    )
                Defendants.           )

11  ————————————————————————          )

12          This case arises out of an alleged hostile work environment.  Defendants have moved for

13  Rule 11 sanctions and to strike the opposition to their previous motion for summary judgment,

14  along with attached exhibits.  For the reasons given herein, the Court denies the motions.

15  **I.      FACTS AND PROCEDURAL HISTORY**

16          Plaintiff Keith Westengard is a Battalion Chief with the Nevada Division of Forestry

17  ("NDF"). (Am. Compl. ¶ 2, Nov. 16, 2010, ECF No. 13).  Plaintiff became aware that a

18  supervisor was "interfering with operations of the agency in Elko with his affairs with two

19  dispatchers and one ambulance attendant," another supervisor's allegedly poor management

20  style, and illegal activity with respect to grant monies. (*See id.* ¶ 14).  Plaintiff characterizes these

21  as issues of public concern. (*See id.* ¶ 13).  Plaintiff complained of these issues to Defendants,

22  who are his supervisors and coworkers. (*Id.* ¶ 14).  He also facilitated a meeting between an Elko

23  County Commissioner and some NDF employees concerning the alleged adverse effects of poor

24  administration upon operations. (*See id.*).  In retaliation for his complaints, Defendants created a

25  hostile working environment for Plaintiff, including: Defendant Holly Bullington, a dispatcher,

1 failing to respond to Plaintiff's calls; Bullington's defamation of Plaintiff within and without the

2 agency; the receipt of a negative performance evaluation from an unidentified person, as well as

3 the initiation of an investigation against him for unspecified reasons; and Plaintiff's termination.

4 (*See id.* ¶ 15).[1]  Plaintiff was also placed on administrative leave during wildfire season, resulting

5 in an inability to seek overtime hours. (*See id.*).  Defendant Richard Harvey has allegedly

6 admitted that the reason behind these adverse employment actions is to keep Plaintiff quiet

7 concerning his complaints so that NDF does not lose its contract with Elko County. (*See id.*

8 ¶ 16).  Plaintiff's damages consist of emotional distress and lost wages and benefits. (*Id.* ¶ 17).

9      Plaintiff sued Defendants in this court on a single cause of action for First Amendment

10 retaliation pursuant to 42 U.S.C. § 1983.  Defendants moved for summary judgment, and the

11 Court denied the motion.  Defendants have now moved for Rule 11 sanctions and to strike

12 Plaintiff's response to their previous motion for summary judgment.

13 **II.   DISCUSSION**

14      Defendants ask the Court to sanction Plaintiff for including scandalous matter concerning

15 two Defendants, i.e., that they were engaged in extra-marital affairs, and that one Defendant

16 frequented brothels during work hours and in a work vehicle.  Defendants moved for a protective

17 order prior to the deposition of Defendant Sam Hicks, who Plaintiff had identified in discovery

18 as the supervisor identified in the Complaint as having allegedly had extra-marital affairs with

19 "with two dispatchers and one ambulance attendant."  The magistrate judge denied the motion.

20 In his opposition to Defendants' motion for summary judgment, Plaintiff stated that Hicks had

21 had "rather open sexual affairs with certain of the dispatchers, even in the dispatch room and his

22 _____

23 [1]This allegation is confusing taken alone.  It is the only place in the Amended Complaint
("AC") where Plaintiff alleges having been terminated.  In paragraph 2 of the AC, Plaintiff
24 affirmatively alleges that he is still employed as a Battalion Chief.  Later in the AC, he notes that
he will seek to amend the AC "in the event he chooses to resign." (*See id.* ¶ 18).  Defendants'
25 previous motion for summary judgment clarified that Plaintiff was terminated but had been
reinstated by a State Personnel Commission Hearing Officer.

1    frequenting brothels while on duty and in the NDF official vehicles." He also stated that one of

2    the women with whom Hicks had an affair was Defendant Holly Burlington. These statements

3    were made as part of Plaintiff's argument that the affairs harmed the morale of the crews,

4    resulting in lowered readiness, and that Burlington and Hicks retaliated against Plaintiff for

5    exposing the alleged affair.

6         Plaintiff responds only that the motion is moot because the Court denied the motion for

7    summary judgment. This is a disappointing response. Success on a motion does not excuse

8    sanctionable behavior engaged in while litigating the motion. Although the Court is disappointed

9    with counsel's response, that does not affect the sanctions analysis any more than the merits of

10   the previous motion affect it, and the Court will not award sanctions. The retaliation issue makes

11   the inflammatory allegations in this case relevant, at least as to the basic nature of the allegations,

12   if not the details, and Defendants are incorrect that Plaintiff had no basis for asserting the alleged

13   affairs or brothel frequenting. As Defendants note, Hicks denied the allegations at his deposition,

14   but Plaintiff supported the allegations with his own testimony at his deposition, a transcript of

15   which he adduced in opposition. (*See* Westengard Dep. 16–22, Jan. 10, 2012, ECF No. 80-1).

16   He denied direct knowledge, but he did claim second-hand knowledge, and his retaliation claims

17   do not depend on the truth of the salacious allegations, but only upon the claim that Defendants

18   retaliated against Plaintiff in part for having revealed the alleged affairs and brothel frequenting.

19   Furthermore, Westengard's own Declaration states that he spoke out against the alleged affairs

20   and brothel frequenting and that this was part of the reason for the alleged retaliation against him.

21   (*See* Westengard Decl. ¶ 7, Oct. 1, 2012, ECF No. 81, at 2). Westengard's deposition transcript

22   and Declaration are sufficiently authenticated by counsel, as he was present at the deposition and

23   prepared the Declaration. Because there was a good faith basis for including these relevant facts,

24   Rule 11 sanctions are inappropriate. The Court need not address Westengard's credibility in

25   making  the alleged statements. Defendants have not argued that Westengard knew the

allegations were false but swore to them anyway.  There appears to be a legitimate factual dispute over the truth of the allegations.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Sanctions (ECF No. 88) is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 93) is DENIED.

IT IS SO ORDERED.

Dated this 26th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge